# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

vs.

SUZANNAH R. NOONAN, IRA, LLC, et al.,

    Defendants.

Case No. 2:16-cv-02883-KJD-CWH

**ORDER**

Presently before the court is Plaintiff Deutsche Bank National Trust Company's Motion for Extension of Time to Serve Defendant James M. Allred IRA, LLC (ECF No. 10), filed March 30, 2017.

This is Plaintiff's second request to extend time to serve Defendant James M. Allred IRA, LLC. The court previously denied without prejudice Plaintiff's request to extend time to serve this defendant because Plaintiff did not include an affidavit from the process server who attempted to serve the defendant, therefore making it impossible for the court to evaluate good cause under Rule 4(m) of the Federal Rules of Civil Procedure. (Order (ECF No. 7).) Plaintiff subsequently filed the process server's affidavit of due diligence. (Aff. of Due Diligence (ECF No. 9).) Plaintiff now requests an additional 60 days for service, arguing that good cause exists to extend time for service because it made four service attempts on Defendant's registered agent in Incline Village, Nevada, and it has located an additional address for Defendant's registered agent in Sacramento, California.

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time for service on domestic defendants:

///

///

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, the court finds that Plaintiff has been diligent in attempting to personally serve Defendant's registered agent on four occassions, as well as in conducing additional inquiries to locate an address for Defendant's registered agent in Sacramento, California. The court therefore will give Plaintiff an additional 60 days from the date of this order to serve Defendant, making Plaintiff's service deadline June 30, 2017.

IT IS THEREFORE ORDERED that Plaintiff Deutsche Bank National Trust Company's Motion for Extension of Time to Serve Defendant James M. Allred IRA, LLC (ECF No. 10) is GRANTED. Plaintiff's deadline to serve this Defendant is June 30, 2017.

DATED: May 1, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**